**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIGUEL ROSADO<br><br>     Plaintiff<br>v.<br><br>COOPERATIVA DE SEGUROS DE VIDA DE PUERTO RICO, INC.<br><br>     Defendant | CIVIL NO.<br><br>Re:  Age Discrimination in Employment Act; P.R. Law 100 of June, 30, 1959 (Age Discrimination- Retaliation); P.R. Law 80 of May 30, 1976 (Severance Pay)<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COMES NOW** Plaintiff, Miguel Rosado, through the undersigned counsel, and very respectfully states and prays as follows:

**Nature of Action and Jurisdiction**

1. This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. § 621 *et seq.*, Puerto Rico's Law  No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a *et seq.*, Puerto Rico Law 115 of December 20, 1991, as amended, 29 L.P.R.A. § 195a *et seq*; Article 5(a) of Puerto Rico State Insurance Fund Law seeking compensatory, double and liquidated damages, reinstatement, severance pay, back pay, and equitable and injunctive relief to seek redress for defendant's discriminatory and retaliatory unlawful employment termination, and defendant's discriminatory practices against Plaintiff  Miguel Rosado  on the basis of age and

retaliation for seeking protection under the Puerto Rico State Insurance Law Fund.

2. This Honorable Court has jurisdiction to entertain this action, pursuant to Section 7 of the ADEA, 29 U.S.C. § 626 (c) (1) and under 28 U.S.C. §§ 1331 and 1342 (a) (4).

3. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear Puerto Rico law claims arising from the same nucleus of operative facts.  Supplemental jurisdiction of this Honorable Court is invoke to bring state claims pursuant to P.R. Law 100 of June, 30, 1959, 29 L.P.R.A. §§146, et seq. and P.R. Law 80 of May 30, 1976, 29 L.P.R.A. §§ 185, et seq.; Puerto Rico Law 115 of December 20, 1991, as amended, 29 L.P.R.A. § 195a *et seq*; Article 5(a) of Puerto Rico State Insurance Fund Law.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) and (b), because it is where a substantial part of the events or omissions, giving raise to the claim, occurred.

5. On March 29, 2011 plaintiff Miguel Rosado filed a timely charge of discrimination on the basis of age before the Puerto Rico Antidiscrimination Unit (PRAU).  A Notice of Right to Sue from the EEOC was issued on September 20, 2011 and received by the Plaintiff on September 23, 2011.

6. This Complaint is being filed within ninety (90) days of receipt of the EEOC Notification of Right to Sue.

7. Plaintiff demands that all causes of action be tried before a jury.

## The Parties

8. Plaintiff is a citizen of the United States and resident of Guaynabo, Puerto Rico.

9. At the time of his dismissal from Cooperativa de Seguros de Vida de Puerto Rico, Inc. (hereinafter referred to as "COSVI") and at the filling of the present complaint, he is 55 years of age.

10. While working for COSVI Plaintiff was an employee under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631 (a).

11. COSVI is a Domestic Corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business and/or headquarters in San Juan, P.R.

12. COSVI is engaged in the Insurance industry.

13. COSVI is a "person" within the meaning of 29 U.S.C. § 630(a).

14. COSVI is also an "employer" under the ADEA, 29 U.S.C. § 630(b).

15. COSVI is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630 (h).

16. COSVI employed more than twenty (20) employees on a daily basis during the years 2008, 2009 and 2010.  See, 29 U.S.C. § 630 (b).

17. Plaintiff worked for COSVI for more than thirty (30) years.

18. COSVI is an employer under the definition provided by Puerto Rico Law No. 100, supra.

19. COSVI is an employer under the definition provided by Puerto Rico Law No. 80, supra.

20. COSVI is an employer under the State Insurance Fund Law of Puerto Rico.

21. At the time of Miguel Rosado's employment termination COSVI was an insured employer under the State Insurance Fund Law of Puerto Rico.

## The Facts

22. Plaintiff repeats and re-asserts each and every preceding paragraph as if fully set herein.

23. Rosado started working for COSVI on July 1, 1980 as Accountant in COSVI's collections department.

24. On May 1, 1981 Rosado was promoted to the position of Auditor.

25. On January 1, 1984 Rosado was promoted to the position of Internal Auditor.

26. On May 1, 1988 Rosado was promoted to the position of Costs Accountant.

27. On January 1990 Rosado was promoted to the position of Budget Director.

28. On June 1, 1992 Rosado was promoted to the position of Assistant Vice-President of the Benefits Division.

29. September 1, 1994 Rosado was promoted to the position of Comptroller.

30. Up until the year 2007 Rosado's performance employment evaluation ranged from good up to excellent.

31. COSVI failed to evaluate Rosado's performance during the year 2008.

32. On June 12, 2009 COSVI implemented a reduction in force that reduced near one third (1/3) the human resources of the Comptroller Department.

33. Rosado's performance evaluation for the year 2009 was performed on December 2009.

34. On the evaluation performed in December 2009 Rosado, for the first time in his

twenty nine (29) years of employment at COSVI received a Need Improvement result.

35. The Management Letter to COSVI Board of Directors for the year 2007 reflected a reduction in areas that needed for improvement under the accounting department.

36. The Management Letter to COSVI Board of Directors for the year 2008 reflected a reduction in areas that needed improvement under the accounting department.

37. Rosado was not in agreement with the evaluation performed on December 2009 and as a result he signed the same with several objections recorded on two (2) separate documents attached to the same.

38. As part of his objections to the performance evaluation Rosado requested the following plan due mainly to the effect that several reductions in force implemented by COSVI had on the assignment of tasks: (1) that realistic milestones be set and reasonable time allotted to complete the same; (2) for COSVI to provide him with the necessary resources to complete the tasks assigned; (3) to provide him with the benefit of continuing education; (4) more frequent evaluation meetings; (5) the Management Letters to the Board of Directors for the years 2007 and 2008 reflected a reduction in areas that needed improvement for the accounting department

39. As a result of the results of Rosado's performance evaluation performed on December 2009 and his objections to the same a Rosado had a meeting on or about January 8, 2010 with his former supervisor Carlos L. Gonzalez Rodriguez, CPA, COSVI's Vice-President of Finance and COSVI's CFO.

40. As a result of the January 8, 2010 meeting an Affirmative Action Plan was

implemented in order to attend COSVI's assessment of Rosado's performance and Rosado's objections.

41. The Affirmative Action Plan was going to be implemented for a period of ninety (90) days during which Rosado was going to be continually evaluated on his performance in the following areas: (1) quality of work; (2) initiative; (3) innovation and creativity; (4) trustworthiness; (5) supervision; and (6) management execution, with a special attention to the accounts payable area.

42. As part of the Affirmative Action Plan Rosado was assigned to have several meetings with Dr. Victor Lleras, Industrial Psychologist.

43. The purpose of the meetings between Rosado and Dr. Lleras was to attend to Rosado's objections to COSVI's evaluation and for him to have a meeting with Rosado's Supervisor, Rosado and COSVI Human resources Director at the end of the Affirmative Action Plan period to provide COSVI and Rosado with tools to improve their relationship in management.

44. This ninety (90) day Affirmative Action Plan was going to commence on January 11, 2010 and end on April 12, 2010.

45. Apart from the meetings held by Rosado with Dr. Lleras, COSVI never fulfilled its obligations under the Affirmative Action Plan.

46. Rosado fulfilled its obligations under the Affirmative Action Plan.

47. COSVI failed to continually evaluate Rosado's performance during the Affirmative Action Plan.

48. At the end of the Affirmative Action Plan COSVI did not evaluated Rosado's

performance.

49. At the end of the Affirmative Action Plan the meeting between Rosado, Dr. Lleras, Rosado's supervisor and COSVI's Human resources Director was never held.

50. If COSVI would had complied with its obligations under the Affirmative Action Plan and had documented the same, it would had revealed in general the following: (1) the year 2009 was a year that brought with it mayor changes in COSVI; (2) that to perform his work during the year 2009 Rosado had to put in longer hours and sacrifice his personal life to the point of working week ends and longer hours; (3) that Rosado actively participated in the mayor changes implemented by COSVI and tried to provide all the services required from him and his division in the midst of the mayor reductions in the workforce assigned to him.; (4) that COSVI failed to adequately provide Rosado with the necessary tools and resources to achieve the assigned projects in the schedule time; (5) that the milestones and schedule time to achieve them were unreasonable.

51. On the year 2009 COSVI closed its accounting year with a positive net income reflecting a turn around in its income from the previous year 2008 in which, COSVI ended with a loss of approximately 28 million dollars.

52. At the end of 2009 all the required accounting tasks, including Financial statements, external audits, Actuarial Certifications, NAIC and PR Commissioner of Insurance Statements, Board of Directors Meeting Reports and Shareholders Annual meeting Reports were concluded on time and without any material adjustment or comments related to the finance and accounting department.

53. During the year 2010 COSVI continued to undermined Rosado's recommendations pertaining to the following areas that needed COSVI's attention: (1) that realistic milestones be set and reasonable time allotted to complete the same; (2) for COSVI to provide him with the necessary resources to complete the tasks assigned; (3) to provide him with the benefit of continuing education; (4) more frequent evaluation meetings.

54. Furthermore, during the year 2010 Rosado was assigned to perform several tasks that required special training and technological requirements for which Rosado and his division was not trained and that was previously assigned to other division at COSVI.

55. All of the above conditions of employment took a toll on Rosado's emotional wellbeing.

56. On October 5, 2010 Rosado reported to the Puerto Rico State Insurance Fund and was put on leave without work.

57. On October 6, 2010 Rosado informed COSVI by phone of the Puerto Rico State Insurance Fund determination.

58. On October 7, 2010 Rosado went to COSVI and delivered the Puerto Rico State Insurance Fund determination document to his direct Supervisor, Mr. Stuart Brown, COSVI's Vice President of Finance and CFO, per Human Resources Department Instructions.

59. On October 8, 2010, after more than thirty (30) year of employment, COSVI terminated Plaintiff.

60. COSVI informed Rosado of his employment termination via letter dated October 8,

2010.

61. COSVI did not informed Rosado on the letter of October 8, 2010 of the reasons for his employment termination.

62. Prior to October 8, 2010 COSVI had not informed Rosado that his employment with the Company was going to be terminated.

63. The October 8, 2010 employment termination letter was signed by Ms. Evelyn Burgos Muniz.

64. By October 5, 2010 COSVI had not informed Rosado's supervisor, Mr. Stuart S. Brown, of its intention to terminate Rosado's employment on October 8, 2010.

65. After Rosado's employment termination COSVI hired two (2) new hires younger than him to perform his duties.

66. Rosado's base salary was around $70,000.00 with benefits amounting to around $22,000.00 for a total compensation package of around $92,000.00.

67. After Rosado's employment termination COSVI has allege that Rosado's employment termination was justified in light of his violation of COSVI's Policies pertaining to the use and management of computers and internet web.

68. COSVI's reasons to terminate Rosado from his employment are falsely and a pretext in as much as Rosado did not violated COSVI's Policies and other employees and directors that in fact violated the same have not been discharge from employment.

69. In light of the facts surrounding Rosado's employment termination, the arbitrariness of the same, the substitution of Rosado with two younger employees and the false allegations made by COSVI in order to try to justify his employment termination, a

jury can reasonably conclude that Rosado's employment termination was because of his age and because he reported to the Puerto Rico State Insurance Fund.

## First Cause of Action
### Under ADEA for Discrimination Based on Age

70. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

71. Defendant COSVI conduct against Plaintiff constitutes discrimination on the basis of age in violation of ADEA.

72. COSVI discharge of Plaintiff without cause constitutes discrimination on the basis of age in violation of ADEA.

73. As a proximate result of COSVI's discriminatory practices Plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

74. As a result of COSVI's discriminatory practices, Plaintiff lost the salaries he was entitled to.

75. COSVI is liable to Plaintiff for the back pay he would have been entitled had he been maintained in his position. Plaintiff's last annual salary was approximately $92,000.00.

76. The liquidated damages as of this date are estimated at this time at no less than $40,000.00 before applying the double award for the punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

77. Plaintiff's dismissal was the culmination of COSVI's discriminatory practices against

him because of his age. Plaintiff's discharge of employment was a violation of ADEA.

78. COSVI is liable to Plaintiff under this cause of action for all the salaries and fringe benefits that Plaintiff will not earn until the date of trial ("back pay") and for all the salaries that he will not receive in a reasonable future ("front pay"), if reinstatement is not practical.

79. COSVI is liable Plaintiff under this cause of action in an amount in excess of $2,000,000.00.

80. In addition Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

81. COSVI's discriminatory practices against Plaintiff were malicious and/or carried with reckless indifference towards Plaintiff's rights protected under federal law.

82. COSVI's discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof defendant is liable to Plaintiff for liquidated damages

## Second Cause of Action
## Under Puerto Rico Law 100

83. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

84. COSVI discriminatory conduct altered Plaintiff's employment conditions because of Plaintiff's age.

85. Defendants, COSVI conduct constitutes a willful violation of Puerto Rico Law 100, of June 30, 1959, 29 L.P.R.A. § 146 *et seq*.

86. As an adequate remedy under said statute, defendant COSVI is liable to Plaintiff for

       double the amount of back pay, front pay, and compensatory damages.

87. Plaintiff is also entitled to reinstatement at COSVI.

88. Under said statute Plaintiff is entitled, in addition to the remedies above mentioned, to double compensatory and statutory damages. As a result thereof, defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than two million dollars ($2,000,000.00), which times two equals three million dollars ($4,000,000.00).

### Third Caused of Action
### Under Puerto Rico Law 80

89. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

90. COSVI's actions constituted a termination of employment without just cause.

91. COSVI is liable to Plaintiff pursuant to P.R. Law No. 80, of May 30 1976, as amended, including by P.R. Law 278, of September 15, 2008, 29 L.P.R.A. § 185a *et seq.*, for an amount equal to six (6) months of salaries plus benefits, as defined in the Law, and ninety weeks (90) additional weeks of compensation, based on the highest earning in any thirty (30) day period within the year prior to the employee's dismissal. This amounts to a severance pay of approximately Two Hundred Seventeen Thousand Nine Hundred and Eighty Two Dollars and Twenty cents ($217,982.20).

### Fourth Cause of Action
### Retaliation

92. Plaintiff repeats and realleges each and every preceding paragraph as if fully set

herein.

93. Plaintiff was dismissed after he filed an administrative claim before the Puerto Rico State Insurance Fund on October 5, 2010

94. COSVI was formally informed of Rosado's administrative action on October 7, 2010

95. Rosado was dismissed on October 8, 2010.

96. Rosado's employment termination was the result of retaliation because he filed an administrative case before the Puerto Rico Insurance Fund.

97. As an adequate remedy under said statute, defendant COSVI is liable to Plaintiff for double the amount of back pay, front pay, and compensatory damages.

98. Plaintiff is also entitled to reinstatement at COSVI.

99. Under said statute Plaintiff is entitled, in addition to the remedies above mentioned, to double compensatory and statutory damages.  As a result thereof, defendant is liable for double compensatory and statutory damages.  These damages are estimated at no less than two million dollars ($2,000,000.00), which times two equals three million dollars ($4,000,000.00).

### Fifth Cause of Action
### Violation of article 5(a) of the Puerto Rico State Insurance Fund Law

100. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

101. Plaintiff was put on leave without work by the Puerto Rico State Insurance Fund on October 5, 2010

102. COSVI was formally informed of Rosado's leave on October 7, 2010

103. Rosado was dismissed on October 8, 2010.

104. Rosado's employment termination was without just caus and in violation of Article 5(a) of the State Insurance Fund Law.

105. As an adequate remedy under said statute, defendant COSVI is liable to Plaintiff for the amount of back pay, front pay, and compensatory damages.

106. Plaintiff is also entitled to reinstatement at COSVI.

107. As a result thereof, defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than two million dollars ($2,000,000.00).

### Six Cause of Action
### Attorney Fees

108. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

109. COSVI is liable to Plaintiff for attorney's fees and costs under ADEA, 29 U.S.C. § 216 (b), and prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

110. COSVI is also liable to Plaintiff for attorney's fees under Puerto Rico Law 100, Law 80, Law 115 and Article 5(a).

**WHEREFORE**, all premises considered, Plaintiff prays that judgment be entered in her favor and against COSVI including the following relief:

1) An order directing Defendant to reinstate Plaintiff to his former position at COSVI' and to cease and desist of any further discriminatory conduct on the basis of age against him.

2) Back pay, together with interest, for the period that Plaintiff has been deprived of his salary, as it was awarded to other employees in her previous position.

3) Lost benefits, both past and future.

4) Compensatory damages in an amount in excess of Two million dollars ($2,000,000.00).

5) An award of liquidated damages equal to twice the back pay and fringe benefits lost by Plaintiff.

6) An award of double compensatory damages, back pay, and front pay pursuant to P.R. Law No. 100 and Law 115 which equals Four Million Dollars ($4,000,000.00).

7) In the alternative, severance pay pursuant to Puerto Rico Law No. 80 which amounts to $217, 982.20.

8) An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9) Any other remedy which this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of December 2011.

I hereby certify that on this same date, this document was filed electronically through the CM/ECF System which will send notification to the parties to their registered e-mail addresses.

| | |
|---|---|
| **Ufret & Frontera Law Firm, PSC** | **KENNETH COLON** |
| 239 Alterial Hostos Avenue | Westernbank World Plaza, Suite 1500 |
| San Juan, Puerto Rico 00936-4225 | 268 Muñoz Rivera Ave. |
| Telephone: (787) 250-1420 | San Juan, Puerto Rico 00918-1921 |
| Fax: (787) 763-3286 | Tel. (787) 756-0059 |
| | Fax. (787) 756-0063 |
| By: **s/ Juan Manuel Frontera-Suau** | **s/ Kenneth Colón** |
| Juan Manuel Frontera-Suau | Kenneth Colón |
| USDC-PR No. 214905 | USDC-PR No. 202813 |